**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis ALTAMIRANO–VARGAS,
Defendant–Appellant.**

No. 03–30205.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank Noonan, Esq., USPO–Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

John E. Storkel, Esq., Storkel & Grefenson, P.C., Attorneys at Law, Salem, OR, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Jose Luis Altamirano–Vargas appeals the judgment of conviction following a bench-trial, and his sentence for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Altamirano–Vargas contends that the district court should have determined that his significantly reduced mental capacity could be used as a defense to the general intent crime of illegally reentering the United States following deportation. Altamirano–Vargas's claim is precluded by this court's controlling precedent. *See Pena–Cabanillas v. United States,* 394 F.2d 785, 790 (9th Cir.1968) (deciding that illegal reentry is a general intent crime, which does not require the government to prove that defendant knew he was not entitled to enter the country without the permission of the Attorney General); *see also United States v. Leon–Leon,* 35 F.3d 1428, 1432–33 (9th Cir.1994) (finding irrelevant the defendant's reasonable belief that he had

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

permission to reenter the United States with respect to a conviction under § 1326).

AFFIRMED.